MARK A. MILLER (*pro hac vice forthcoming*)
miller.mark@dorsey.com
ELLIOT HALES (SBN 293535)
hales.elliot@dorsey.com
**DORSEY & WHITNEY LLP**
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: (801) 933-7360
Facsimile: (801) 933-7373

FAISAL M. ZUBAIRI (SBN 244233)
zubairi.faisal@dorsey.com
JESSICA M. LEANO (SBN 323677)
leano.jessica@dorsey.com
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Plaintiff BabyBjörn AB.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BabyBjörn AB,

Plaintiff,

v.

The Ergo Baby Carrier, Inc.,

Defendant.

CASE NO: 2:23-cv-00446

**COMPLAINT FOR:**

**(1) UTILITY PATENT INFRINGEMENT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff BabyBjörn AB ("BabyBjörn" or "Plaintiff") hereby brings the present action against Defendant The Ergo Baby Carrier, Inc. ("Defendant" or "Ergo Baby") and alleges as follows:

**NATURE OF THE ACTION AND SUMMARY OF RELIEF SOUGHT**

1. This action has been filed by Plaintiff to address Ergo Baby's importation, manufacture, use, sale, and/or offer of sale of Ergo Baby's Evolve 3-in-1 Bouncer ("Evolve Bouncer"), which practices multiple claims of BabyBjörn's patent rights without license or permission, as described herein. Plaintiff has been and continues to be irreparably damaged through Ergo Baby's unlawful use of BabyBjörn's patented technology, and BabyBjörn seeks injunctive and monetary relief to address this unlawful use.

**PARTIES**

2. BabyBjörn is a Swedish company with its principal place of business in Sweden.

3. The Ergo Baby Carrier, Inc. is a Hawaiian corporation with a principal place of business at 680 Knox Street, Suite 125 Torrance, CA 90502.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Ergo Baby because it is headquartered in this Judicial District and, on information and belief, has committed acts of infringement within this Judicial District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

**FACTUAL BACKGROUND**

**BabyBjörn's Innovation and Products**

7. The name BabyBjörn is synonymous with high quality and safe children's products. BabyBjörn's founders, Björn and Lillemor Jakobson, are industry pioneers

who began developing innovative child care products to enhance the quality of life of young children and their parents in the 1960's. While BabyBjörn is best known for its parent-worn baby carrier products, its very first commercial success was an innovative "baby sitter" bouncing chair[1] that provided parents a safe, ergonomic place to sit their baby when tending to other tasks. Images of the "baby sitter" product are below.





8. This product had a static wireframe design over which a cloth infant seat was installed, and was heralded for its utility, simplicity, and aesthetic qualities.

9. Ever since, innovation and design have been a part of the BabyBjörn company DNA, and BabyBjörn continued to innovate and improve in this product category. In the 1980's, for example, BabyBjörn designed and marketed a baby bouncer with enhanced strength and improved mechanical operation allowing the seat to collapse for transport or storage:

---

[1] *See, e.g.*, https://www.babybjorn.com/about/our-history.



10. In 2008, BabyBjörn again implemented its meticulous approach to product innovation and design and created the BabyBjörn Babysitter Balance, which today is named BabyBjörn Bouncer Bliss and BabyBjörn Bouncer Balance Soft, pictured below:









11. Like the original "baby sitter" product, the Bouncer Bliss and Bouncer Balance Soft utilizes a frame design allowing the child or parent to bounce the seated area to pacify or entertain the child. Unlike predecessor designs, however, this product introduced a novel design that combines a front support plate and connection with a rear support frame to provide 360-degree stability for the child, as well as an innovative locking mechanism allowing for the parent to easily adjust the inclination of the seat area. BabyBjörn's innovative design decisions resulted in a "Goldilocks" product, in that it perfectly balances a user's needs (both functional and aesthetic), while also making it easier for the consumer to use and store it.

12. In recognition of BabyBjörn's unique advancements in the field of baby bouncer design, BabyBjörn was awarded U.S. Patent No. 7,779,490 (the "'490 patent") for the inventions embodied in the Bouncer Bliss and Bouncer Balance Soft as well as other innovations, attached to this Complaint as **EXHIBIT 1**, as well as other domestic and international patent rights, including in Europe, China, Australia, Canada, Israel, Japan, Korea, and Russia.

13. BabyBjörn is the lawful assignee of all right, title and interest in and to the '490 patent. The '490 patent was lawfully issued on August 24, 2010, listing Håkan Bergkvist as an inventor. The claims of the '490 patent generally relate to improved

baby bouncer designs. Claim 1 is the sole independent claim of that patent, and recites innovations found in BabyBjörn's Bouncer Bliss and Balance Soft products:

> A bouncing cradle comprising a base frame (10) intended to rest on an underlay, a backrest (20), a pivot mounting (12) arranged for the backrest and carried by the base frame, an arm (22) fixedly connected to the backrest and situated under the backrest (20) as well as at a distance from the pivot mounting, and an adjustment fitting (40) for setting different angles of inclination of the backrest in relation to the base frame, the base frame comprising an essentially plane support yoke (84) having yoke branches with mutually parallel branch ends attached to a support plate (16), characterized in that the support plate (16) consists of an injection-moulded piece of plastic having integrated tubular sleeves (85) that receive the mutually parallel branch ends of the yoke branches, and that the sleeves (85) are situated at a distance above a support surface of the support plate facing the underlay.

14. At all times relevant to this action, BabyBjörn is and has been making and selling baby bouncer products that incorporate the inventions claimed in the '490 patent, including the Bouncer Bliss and Balance Soft products, which BabyBjörn has marked with the '490 patent number both physically and via its website, a screenshot of which is included below.[2]

[2] *See, e.g.*, https://www.babybjorn.com/customer-service/patents.

Free shipping on all orders for a limited time

BabyBjörn

Bib for Baby Carrier Mini and Move/Free
CD No. 000336144

**Bouncer Balance Soft and Bliss**
US Patent 7780236
US Patent 7779490
Canadian Patent No. 2654690
Canadian Patent No. 2654691
Swedish Patent No. 530117
Swedish Patent No. 530118

**<u>Ergo Baby's Infringing Acts</u>**

15. Ergo Baby is a direct competitor of BabyBjörn in the United States, and makes children's products including baby carriers. In September 2022, Ergo Baby launched its first baby bouncer product called the Evolve Bouncer. Ergo Baby imports, manufactures, uses, sells, and offers for sale the Evolve Bouncer product. A picture of the Evolve Bouncer is below:



16. The Evolve Bouncer is a bouncing cradle having a base frame, a backrest, an arm (under the backrest and at a distance from the pivot mounting), and a pivot mounting arranged for the backrest and carried by the base frame.







17. The Evolve Bouncer has an adjustment fitting for setting different angles of inclination of the backrest in relation to the base frame, the base frame having a planar support yoke with yoke branches having mutually parallel branch ends attached to a support plate.




18. The support plate consists of an injection-moulded piece of plastic having integrated tubular sleeves that receive the mutually parallel branch ends of the yoke branches.




19. The sleeves are situated at a distance above a support surface of the support plate facing the underlay [e.g. the floor].




20. Since the introduction of the Evolve Bouncer, Ergo Baby has marketed the Evolve Bouncer in direct competition with BabyBjörn’s Bouncer Bliss and Bouncer

Balance Soft. In view of BabyBjörn's physical and virtual marking of the Bouncer Bliss and Bouncer Balance Soft products, which were on the market for more than a decade before Ergo Baby introduced the Evolve Bouncer, on information and belief, Ergo Baby had knowledge of the Bouncer Bliss and Bouncer Balance Soft and BabyBjörn's patent rights protecting the Bouncer Bliss and Bouncer Balance Soft design (including the '490 patent rights) before introducing the Evolve Bouncer, but nevertheless decided to bring the Evolve Bouncer product to market, with knowledge and/or a reckless disregard of the fact that the Evolve Bouncer infringes BabyBjörn's patent rights, including its rights in the '490 patent.

21. Counsel for BabyBjörn will concurrently send a cease-and-desist letter (the "Letter") to Ergo Baby, informing Ergo Baby of the manner of Ergo Baby's infringement of the '490 patent.

22. To date, Ergo Baby has refused to cease selling the Evolve Bouncer.

23. At no time has BabyBjörn given Ergo Baby permission, license, or authorization to use BabyBjörn's patented baby bouncer technology, including the inventions claimed in the '490 patent.

24. Ergo Baby's use, sale, offer for sale, importation, and/or manufacture of the Evolve Bouncer since at least receipt of the Letter demonstrates a deliberate and conscious decision to infringe the '490 patent, or at the very least a reckless disregard of BabyBjörn's patent rights and therefore constitute willful infringement.

25. Despite having knowledge of BabyBjörn's patent rights, Ergo Baby is likely to continue to willfully and deliberately infringe the '490 patent unless enjoined by this Court.

26. BabyBjörn has lost and continues to lose customers, market share, and goodwill as a result of Ergo Baby's infringement.

27. Ergo Baby's marketing and sale of the Evolve Bouncer cause BabyBjörn to compete against its own technology, thus irreparably harming BabyBjörn by depriving

BabyBjörn of the exclusive use of its inventions to compete, build its reputation and goodwill as an innovator, and expand its market share.

28. Ergo Baby's continued making, using, importing, selling, offering for sale, and distribution of the Evolve Bouncer has injured, is injuring, and will continue to cause irreparable injury to BabyBjörn and BabyBjörn's valuable patent rights, goodwill, reputation, and market share if not preliminarily and permanently enjoined.

## FIRST CAUSE OF ACTION

## (Patent Infringement Under 35 U.S.C. § 271)

29. BabyBjörn re-alleges and incorporates by this reference the preceding allegations of this Complaint.

30. As set forth *supra*, the Evolve Bouncer contains each of the limitations of at least Claim 1 of the '490 patent literally or by substantial equivalence.

31. Ergo Baby's actions as described above, and specifically Ergo Baby's unauthorized manufacture, use, importation, offers to sell, and sales of the Evolve Bouncer constitute infringement of the '490 patent under 35 U.S.C. § 271.

32. Ergo Baby's continued actions of making, using, importing, selling, offering for sale, and/or manufacturing the Evolve Bouncer have injured, are injuring, and will cause irreparable injury to BabyBjörn if not permanently enjoined.

33. Ergo Baby's continued actions of using, importing, selling, offering for sale, and/or manufacturing the Evolve Bouncer after having knowledge of the '490 patent and BabyBjörn's allegations of infringement demonstrate a deliberate and conscious decision to infringe the '490 patent or, at the very least, a reckless disregard of BabyBjörn's patent rights.

34. BabyBjörn is entitled to an injunction prohibiting Ergo Baby from further making, importing, using, selling, or offering to sell the Evolve Bouncer without permission or license from BabyBjörn under 35 U.S.C. § 283.

35. BabyBjörn is entitled to recover all damages caused by Ergo Baby's infringement of the '490 patent under 35 U.S.C. § 284.

36. Given the willful nature of Ergo Baby's conduct, BabyBjörn is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. the Court permanently enjoin Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, importing, selling, and/or offering to sell the Evolve Bouncer and any other products that practice the inventions claimed in the '490 patent;

B. the Court enter judgment against Defendant for infringement of the '490 patent under 35 U.S.C. § 271;

C. the Court order that Defendant account to Plaintiff for all sales, revenues, and profits derived from the sale of the Evolve Bouncer, and that Defendant pays to Plaintiff all compensatory damages to which Plaintiff is entitled by law, including without limitation lost profits, reasonable royalties, price erosion damages, and convoyed sales damages;

D. the Court award Plaintiff, against Defendant, trebled damages under 35 U.S.C. § 284;

E. the Court declare this case to be exceptional and award Plaintiff, against Defendant, the costs and reasonable attorneys' fees and expenses incurred in this action pursuant to 35 U.S.C. § 285 and the equity powers of the Court;

F. the Court award Plaintiff prejudgment interest against Defendant on all sums allowed by law;

G. the Court award Plaintiff such other and further relief as the Court may deem just and proper.

DATED: January 20, 2023 DORSEY & WHITNEY LLP

By /s *Elliot Hales*
Elliot Hales
Attorney for BabyBjörn AB

**DEMAND FOR TRIAL BY JURY**

Plaintiff BabyBjörn demands a jury trial pursuant to Fed. R. Civ. P. 38(b) on all claims, defenses and counterclaims so triable.

DATED: January 20, 2023 DORSEY & WHITNEY LLP

By /s/ *Elliot Hales*
Elliot Hales
Attorney for BabyBjörn AB.