UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BabyBjörn AB<br><br>    Plaintiff,<br><br>    v.<br><br>The Ergo Baby Carrier Inc.<br><br>    Defendant. | Case No.  2:23-cv-00446-AB (RAOx)<br><br>STIPULATED PROTECTIVE ORDER[1] |

1. <u>A. PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures, productions, or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

<u>B. GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

61654664v1

confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*

*Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (as defined below) does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. **DEFINITIONS**

    2.1    <u>Action</u>: this pending federal lawsuit, *BabyBjörn AB v. The Ergo Baby*

*Carrier Inc.*, Case No. 2:23-cv-00446-AB (RAOx).

2.2 <u>Challenging Party</u>:  a Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>:  documents, information (regardless of how it is generated, stored or maintained) or tangible things that a Designating Party in good faith reasonably believes qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  documents, information (regardless of how it is generated, stored or maintained) or tangible things that a Designating Party in good faith reasonably believes qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and deserving of a stricter designation because it contains extremely sensitive CONFIDENTIAL information that, if disclosed to another Party or Non-Party, would create a substantial risk of competitive harm that cannot be avoided by less restrictive means.

2.5 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 <u>Disclosure or Discovery Material</u>:  all items, documents, or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in

this matter.

2.8  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9  <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.  DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

6

61654664v1

unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the inapplicable designation.

5.2   *Manner and Timing of Designations*.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), interrogatory answers, or responses to requests to admit, that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend"), to each document that contains protected material.

A Party or Non-Party (producing documents pursuant to a subpoena or otherwise) can make original documents available for inspection and need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection, all of the material made available for inspection shall initially be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to allow the Producing Party sufficient opportunity to review such materials and designate them as appropriate. After the inspecting Party has identified the documents it wants copied and

7

61654664v1

produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend" to each document that contains Protected Material, as appropriate.

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material either on the record, before the close of the deposition or by written notice to the reporter and all counsel of record within twenty-one (21) days after the reporter notifies the parties that the certified or final transcript is available for review. If only a portion or portions of the testimony warrants protection, the Designating Party shall specifically identify those portions that should be treated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If no designation is made either on the record before the close of the deposition or within twenty-one (21) days after receipt of a certified or final transcript from the court reporter, the transcript shall be considered not to contain any Disclosure or Discovery Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If the Designating Party discovers that information should have been but was not appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

61654664v1

ATTORNEYS' EYES ONLY," the Designating Party must promptly notify all other Parties in writing in order to secure protection under this Order. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   Timing of Challenges.  A Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge to a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2   Meet and Confer.  In the event that any Party disagrees with the propriety of a designation, the Challenging Party shall provide to the Designating Party written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis within seven (7) business days of notice of the disagreement unless a different time period is agreed to by counsel. If the dispute is not resolved as part of those discussions, the Challenging Party may initiate the dispute resolution process under Local Rule 37-2.2.

    6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1   Basic Principles.  A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of or independent contractors engaged in work for said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) or consultants and their staff retained for purposes of this Action by the Receiving Party and to whom disclosure is reasonably necessary for this Action provided that the consultant or expert first signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and otherwise complies with the requirements of paragraph 7.3(b) below;

(d) the court and its personnel;

(e) court reporters, stenographers, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any other person upon order of the Court or upon stipulation of the Designating Party in writing, on the record during a deposition, or at a hearing.; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of or independent contractors engaged in work for said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) or consultants and their staff retained for purposes of this Action by the Receiving Party and to whom disclosure is reasonably necessary for this Action, subject to the requirements of this subsection. The Receiving Party shall, prior to the disclosure of Designated Material to a consultant or expert, excluding trial or jury consultants, supply to the Designating Party a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) executed by the consultant or expert, a current curriculum vitae or resume of the consultant or expert, a description of past and present activities, including publications, and a list of all non-confidential consulting engagements undertaken by the consultant or expert, as well as any cases in which he or she has

61654664v1

offered testimony during the past four (4) years. If the Designating Party has good cause to object to the disclosure of Designated Material to the expert or consultant (which does not include challenging his or her qualifications or contemplated work), it shall be entitled to object to such disclosure to the consultant or expert in writing within five (5) business days after receipt of the Receiving Party's notification, stating specifically the reasons why such consultant or expert should not receive the Designated Material. If the Parties are unable to resolve the dispute on their own within ten (10) business days after service of the objection, the Designating Party has the burden to and may initiate the dispute resolution process under Local Rule 37-2.2. No disclosure of the Designated Material shall be made unless and until the dispute is either resolved by the Parties or the Court. If the Designating Party fails to object to such disclosure or fails to raise the objection with the Court within the prescribed time periods outlined above, the consultant or expert proposed shall be deemed approved.

        (c)  the Court and its personnel;

        (d)  court reporters, stenographers, videographers, and their staff;

        (e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (g)  any other person upon order of the Court or upon stipulation of the Designating Party in writing, on the record during a deposition, or at a hearing; and

        (h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

        7.4   For the sake of clarity and notwithstanding Section 7.2 and 7.3 above, a Party may disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

61654664v1

ATTORNEYS' EYES ONLY" information to (i) any employee of the Designating Party; (ii) former employees of the Designating Party, so long as they were employed by the Designating Party as of the date of the document or thing, or the Party has a reasonable belief that the employee was aware or had knowledge of the subject matter contained in the document or thing during their employment; or (iii) any person who authored or received the information in whole or in part, including as indicated on the face of the document or thing.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in another litigation or proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that

court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to documents or information produced by a Non-Party in this Action subject to a subpoena or otherwise, and can be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if an authorized representative of the producing third-party executes the "Acknowledgment and Agreement to Be Bound" (Exhibit A) acknowledging that the third-party has reviewed this Protective Order, will comply with its terms, and will submit to the jurisdiction of this Court for adjudication of any dispute regarding that third-party's designations under the Protective Order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and make every effort to prevent further disclosure, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

61654664v1

11.1 Consistent with Federal Rule of Evidence 502, the production of documents in connection with this Action, whether inadvertent or otherwise, shall not waive any privilege or work product that would otherwise attach to the documents produced in this Action or in any other federal or state proceeding. In addition, to the fullest extent authorized by Federal Rule of Evidence 502(d), any applicable work-product protection or attorney-client privilege is not waived as to anyone who is not a Party to this Action by disclosure connected with this Action. The following procedure shall apply to any such claim of production.

11.2 Upon learning of the production, the Producing Party shall promptly give all counsel of record written notice of the production. The notice shall identify the document(s), the portions of the document(s) that should not have been produced, a description of the privilege being claimed for each document, and the first date the document(s) was produced. If the Party that produced a document claims that only a portion of the document should not have been produced, the Producing Party shall provide with the notice of production a new copy of the document with the allegedly privileged portions redacted.

11.3 Additionally, a Receiving Party receiving documents produced by another Party is under a good faith obligation to promptly alert the Producing Party if a document appears on its face to be privileged in light of facts known by the Receiving Party.

11.4 Upon receiving notice of such a production, or upon determining that a document received is known to be privileged, the Receiving Party must promptly return, sequester, or destroy the specified information and all copies it has, and shall destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged information. The Receiving Party may not use or disclose the information until the claim is resolved. If the Receiving Party disclosed the information before

61654664v1

being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

11.5  To the extent that any Party obtains any privileged information, documents, or communications through disclosure, such information, documents and communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in this matter.

11.6  In the event the Receiving Party disputes the assertion of privilege, the Parties shall meet and confer and the Receiving Party shall either: (a) return the material to the Producing Party for proper designation; or (b) present the information to the Court under seal for a determination as to whether the material is protected from disclosure.

12.  MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.  FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in

61654664v1

1  paragraph 4, each Receiving Party must return all Protected Material to the
2  Producing Party or certify in writing that all such Protected Material has been
3  destroyed. As used in this subdivision, "all Protected Material" includes all copies,
4  abstracts, compilations, summaries, and any other format reproducing or capturing
5  any of the Protected Material. Whether the Protected Material is returned or
6  destroyed, the Receiving Party must submit a written certification to the Producing
7  Party (and, if not the same person or entity, to the Designating Party) by the 60 day
8  deadline that (1) identifies (by category, where appropriate) all the Protected
9  Material that was returned or destroyed and (2) affirms that the Receiving Party has
10 not retained any copies, abstracts, compilations, summaries or any other format
11 reproducing or capturing any of the Protected Material. Notwithstanding this
12 provision, Counsel are entitled to retain an archival copy of all pleadings, motion
13 papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
14 deposition and trial exhibits, expert reports, attorney work product, and consultant
15 and expert work product, even if such materials contain Protected Material. Any
16 such archival copies that contain or constitute Protected Material remain subject to
17 this Protective Order as set forth in Section 4 (DURATION).
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

61654664v1

**14. VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: April 14, 2023     **DORSEY & WHITNEY LLP**

By: /s/ Elliot J. Hales
MARK A. MILLER
ELLIOT HALES
FAISAL M. ZUBAIRI
JESSICA M. LEANO
Attorneys for Plaintiff BabyBjörn AB

DATED: April 14, 2023     **LATHROP GPM LLP**

By: /s/ Luke Meriwether (with permission)
RONALD A. VALENZUELA
TRAVIS W. MCCALLON
LUKE M. MERIWETHER
TIMOTHY J. HADACHEK
Attorneys for Defendant The Ergo Baby Carrier, Inc.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: April 17, 2023

_[signature]_
HON. ROZELLA A. OLIVER
United States Magistrate Judge

**ATTESTATION**

Pursuant to Central District Local Rule 5-4.3.4, the filer hereby attests that all other signatories to this "Stipulated Protective Order" and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: April 14, 2023     By: /s/ *Elliot J. Hales*
                              ELLIOT HALES

61654664v1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *BabyBjörn AB v. The Ergo Baby Carrier Inc.*, Case No. 2:23-cv-00446-AB (RAOx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

19

61654664v1